*E-FILED 3/10/2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIOTR J. GARDIAS,<br><br>             Plaintiff,<br>   v.<br><br>THE CALIFORNIA STATE UNIVERSITY,<br>SAN JOSE STATE UNIVERSITY,<br><br>             Defendant.<br>_____/ | No. C08-05498 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: Docket No. 12] |

Pursuant to Fed. R. Civ. P. 12(b)(6), the Regents of the California State University[1] move to dismiss the complaint for failure to state a claim for relief. Alternatively, defendant moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e).[2] Plaintiff Piotr Gardias, proceeding *pro se*, brings a cross-motion for an order directing "Defendant to tell plaintiff where plaintiff's complaint needs more definite statements." (Docket No. 14 at 1). He opposes the motion to dismiss on the ground that defendant reportedly did not respond to his requests for the same. Upon consideration of the moving and responding papers, as well as the arguments presented at the March 10, 2009 hearing, this court grants the motion to dismiss. Plaintiff shall

---

[1] Defendant says that it was erroneously sued as The California State University and San Jose State University.

[2] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

be given leave to amend his Title VII claims. Defendant's alternate motion for a more definite statement under Fed. R. Civ. P. 12(e) is denied as moot, as is plaintiff's cross-motion.

## I. BACKGROUND

Gardias is employed by the California State University system at the San Jose State University campus. He has filed a form complaint under Title VII, 42 U.S.C. § 2000e-5 for alleged employment discrimination. In it, he says that defendant failed to promote him and committed other acts – i.e., "The second anxiety attack caused by the accumulated stresses at work"; "The adverse actions because of knee injury and leukemia partial disability"; "Denying Training"; and "Insulting, Discrimination, False accusations, Harassment and Hostile Work Environment." (Complaint at 2). He claims that defendant's conduct is discriminatory with respect to his national origin, as well as "My age. My knee injury and leukemia." (Id.).

Defendant contends that the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that (a) the Regents of the California State University enjoy sovereign immunity under the Eleventh Amendment as to any claim under the Age Discrimination in Employment Act; and (b) the complaint otherwise consists entirely of conclusory allegations that do not provide sufficient notice as to the basis of plaintiff's claims for relief. Alternatively, defendant requests that plaintiff be ordered to make a more definite statement as to the factual basis for his claims pursuant to Fed. R. Civ.P. 12(e).

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See id. at 699. "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Nevertheless, the issue is not whether a plaintiff will ultimately prevail, but whether

he is entitled to offer evidence to support the claims asserted. Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir.1997). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citations omitted). However, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. Bell Atlantic Corp., 127 S.Ct. at 1964, 1973-74. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id. at 1974; see also Erickson v. Pardus, 551 U.S. 89, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citations omitted) (the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.").

## III.   DISCUSSION

### A.   Age Discrimination

Defendant contends that insofar as plaintiff appears to be claiming age discrimination in his employment, those claims are barred by the Eleventh Amendment. This court agrees.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. It "has been interpreted to shield States from suits by individuals absent the State's consent." Wells v. Bd. of Trustees of the California State Univ., 393 F.Supp.2d 990, 995 (N.D. Cal. 2005) (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L.Ed.2d 252 (1996)). "The same immunity also applies to state agencies." Hibbs v. Dep't of Human Resources, 273 F.2d 844, 850 (9th Cir. 2001) (citing Fla. Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 684, 102 S. Ct. 3304, 73 L.Ed.2d 1057 (1982)).

The Age Discrimination in Employment Act ("ADEA") "is the exclusive remedy for claims of age discrimination in employment, even those claims with their source in the Constitution." Ahlmeyer v. Nevada Sys. of Higher Education, — F.3d —, No. 06-15654, 2009

1  WL 385875 at *7 (9th Cir., Feb. 18, 2009).  The United States Supreme Court has held that the
2  ADEA did not abrogate the states' Eleventh Amendment immunity from suit by private
3  individuals.  Kimel v. Florida Bd. of Regents, 528 U.S. 62, 92, 120 S. Ct. 631, 145 L.Ed.2d 522
4  (2000).  "Nothing in Kimel suggests that the Court intended to remove the statutory
5  jurisdictional basis for age discrimination suits against a state or its agencies."  Katz v. Regents
6  of the Univ. of California, 229 F.3d 831, 834 (9th Cir. 2000).  Nonetheless, "on account of
7  Eleventh Amendment immunity the states can not be compelled to submit to the jurisdiction of
8  the federal courts in such suits."  Id.[3]

9  Defendant is an arm of the state entitled to claim Eleventh Amendment immunity.  See
10 Stanley v. Trustees of the California State University, 433 F.3d 1129, 1133 (9th Cir. 2006)
11 ("We have previously held that the Trustees [of the California State University] are an arm of
12 the state that can properly lay claim to sovereign immunity.") (citing Jackson v. Hayakawa, 682
13 F.2d 1344, 1350-51 (9th Cir. 1982)); see also Wells, 393 F. Supp.2d at 995 (same).  On the
14 record presented, there is no indication that defendant has expressly waived that immunity.
15 Accordingly, defendant's motion to dismiss plaintiff's claims of age discrimination is granted.

16 **B.    Plaintiff's Title VII Allegations**

17 Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on
18 race, color, religion, sex and national origin.  Here, plaintiff's complaint alleges, in essence, that
19 he was not promoted, was harassed and suffered adverse actions because of, among other
20 things, his national origin.  The alleged misconduct reportedly occurred between January 1,
21 2008 and November 30, 2008.  (Complaint at 2).  However, in the section of his complaint
22 where plaintiff was to identify the "basic facts" surrounding his claim of discrimination,
23 Gardias merely refers to a 4-page index (titled "Index IX" and appended to the complaint)
24 cataloguing various memos or letters under the following headings:  "A.  Attempt to Murder –
25 Anxiety Attacks, B.  Adverse Actions re Knee Injury and Leukemia, C.  Denying Promotion,
26 Demotion, D.  Denying Training, E.  Hostile Work Environment and Harassment, F.

---

[3] "A state employee alleging age discrimination in employment is not without a forum altogether, because he can file an ADEA suit in state court."  Ahlmeyer, — F.3d —, 2009 WL 385875 at *7 n.9.

4

1  Discrimination and Harassment, G. Age Discrimination and Adverse Actions, H. Bayer's
2  Adverse Actions, I. Bayer's SETC and CSU Agreement Violation and Request to Rivera, J.
3  Arthur Dunklin's False Accusations, K. My Personnel File." (Complaint at 2). This court
4  agrees that plaintiff's index does not provide sufficient notice as to the events or conduct that
5  form the basis for his discrimination claims. Accordingly, defendant's motion to dismiss is
6  granted. However, plaintiff will be given leave to amend.

7  The amended pleading should be titled "First Amended Complaint." Plaintiff is advised
8  that the amended complaint need not provide lengthy detailed factual allegations. Nor is
9  plaintiff required to append numerous documents which he claims to be evidence. The
10 amended pleading need only give a short and plain statement as to the conduct plaintiff claims
11 is wrongful. However, the amended pleading must provide more information than that which is
12 conveyed in the original complaint. Specifically, plaintiff must describe, in the body of the
13 amended pleading, the events and conduct about which he complains (i.e., with names and
14 dates). For example, what position(s) or promotional opportunities does plaintiff claim he was
15 wrongfully denied and when? Additionally, the amended pleading should <u>not</u> be based on
16 events which are already the subject of plaintiff's seven other employment discrimination
17 lawsuits pending in this court.

18 Defendant's alternate motion for a more definite statement under Fed. R. Civ.P. 12(e) is
19 denied as moot, as is plaintiff's cross-motion for an order directing "Defendant to tell plaintiff
20 where plaintiff's complaint needs more definite statements." (Docket No. 14 at 1).

21 **IV.  ORDER**
22 Based on the foregoing, IT IS ORDERED THAT:
23 1. Plaintiff's age discrimination claims are dismissed WITHOUT leave to amend.
24 2. Plaintiff's Title VII claims are dismissed WITH leave to amend. Plaintiff's
25 amended complaint shall be filed no later than **March 27, 2009**.
26 3. Defendant's alternate motion under Fed. R. Civ. P. 12(e) is denied as moot.
27 4. Plaintiff's "Motion to Order Defendant to tell plaintiff where plaintiff's
28

5

complaint needs more definite statements" is denied as moot.

Dated: March 10, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:08-cv-5498 Notice electronically mailed to:**

Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, Leticia.MartinezCarter@doj.ca.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**5:08-cv-5498 Notice mailed to:**

Piotr J. Gardias
72 Floyd St.
San Jose, CA 95110