**United States District Court**
For the Northern District of California

1

2                                                    *E-FILED 7/14/2009*

3

4

5

6

7                              NOT FOR CITATION

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11    PIOTR J. GARDIAS,                          No. C08-05498 HRL

12              Plaintiff,                       **ORDER GRANTING DEFENDANT'S
                                                 MOTION TO DISMISS**
13        v.

14    THE CALIFORNIA STATE UNIVERSITY,           **[Re:  Docket No. 22]**
      SAN JOSE STATE UNIVERSITY,
15
              Defendant.
16    _____/

17          Pro se plaintiff Piotr Gardias is a longtime employee of the California State University

18    system at the San Jose State University campus.  He filed the instant lawsuit under Title VII, 42

19    U.S.C. § 2000e-5 for alleged employment discrimination – his seventh in a series of

20    discrimination complaints before the undersigned.  In his original complaint in this action,

21    Gardias alleged that he was not promoted, was denied training, was harassed and suffered

22    adverse actions because of his age and national origin and on account of his knee injury and

23    leukemia.

24          On March 10, 2009, this court dismissed his complaint pursuant to Fed. R. Civ. P.

25    12(b)(6) for failure to state a claim for relief.[1]  Gardias' age discrimination claim was dismissed

26    without leave to amend because it is barred by Eleventh Amendment immunity.  As for the

27    remainder of plaintiff's allegations, the court concluded that the complaint failed to provide

28

        [1]    Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have
      expressly consented that all proceedings in this matter may be heard and finally adjudicated
      by the undersigned.

1   sufficient notice as to the events or conduct that formed the basis for his claims, but nonetheless

2   gave Gardias leave to amend.  Plaintiff's First Amended Complaint ("FAC") was filed soon

3   after.

4   Pursuant to Fed. R. Civ. P. 12(b)(1), defendant Regents of the California State

5   University[2] now move to dismiss the FAC for lack of subject matter jurisdiction.  Alternatively,

6   it moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the FAC still fails to

7   state a claim for relief.  Gardias opposes the motion on the sole ground that defendant "should

8   [have] complain[ed] before the Court Order dated March 10, 2009 but not after the Court

9   Order."  (See Opp. at 1).  Plaintiff did not appear for oral argument on the matter.  Upon

10  consideration of the moving and responding papers, this court grants the motion without leave

11  to amend.

12  "If the court determines at any time that it lacks subject-matter jurisdiction, the court

13  must dismiss the action."  FED. R. CIV. P. 12(h)(3).  A lack of jurisdiction is presumed unless

14  the party asserting jurisdiction establishes that it exists.  See Kokkonen v. Guardian Life Ins.

15  Co. of America, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [a

16  federal court's] limited jurisdiction and the burden of establishing the contrary rests upon the

17  party asserting jurisdiction") (citations omitted); see also Stock West, Inc. v. Confederated

18  Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) ("A federal court is presumed to lack jurisdiction in

19  a particular case unless the contrary affirmatively appears").

20  "A jurisdictional challenge under [Fed. R. Civ. P. 12(b)(1)] may be made either on the

21  face of the pleadings or by presenting extrinsic evidence."  Warren v. Fox Family Worldwide,

22  Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir.

23  2000)).  Where a moving party raises a factual challenge by presenting affidavits and other

24  evidence, the party opposing the motion must present affidavits or other evidence necessary to

25  satisfy its burden of establishing subject matter jurisdiction.  Wolfe v. Strankman, 392 F.3d 358,

26

27

28      [2]      Defendant says that it was erroneously sued as The California State
University and San Jose State University.

United States District Court
For the Northern District of California

1    362 (9th Cir. 2004) (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir.

2    2004)).

3         In the instant case, defendant argues that the FAC must be dismissed because plaintiff

4    failed to exhaust his administrative remedies.  "Subject matter jurisdiction extends over all

5    allegations of discrimination that either fell within the scope of the EEOC's *actual* investigation

6    or an EEOC investigation which *can reasonably be expected* to grow out of the charge of

7    discrimination."  Josephs v. Pacific Bell, 443 F.3d 1050, 1062 (9th Cir. 2006) (quoting B.K.B.

8    v. Maui Police Dep't, 276 F.2d 1091, 1100 (9th Cir. 2002) (internal quotation marks omitted).

9    Here, the FAC again alleges that Gardias was not promoted, was harassed, was denied training,

10   and suffered adverse actions.  Although plaintiff's age discrimination claim previously was

11   dismissed without leave to amend, Gardias continues to assert that the alleged conduct was

12   discriminatory with respect to his age, as well as his national origin, and – suggesting a

13   disability claim – his knee injury and leukemia.  (FAC at 2).  The alleged misconduct reportedly

14   occurred between January 1, 2008 and November 30, 2008.  (Id.).  The FAC goes on to describe

15   (a) Gardias' alleged near-fainting episode in June 2008; (b) an August 2008 incident in which

16   plaintiff says he was accused of having serious health problems; (c) defendant's alleged failure

17   to promote him and alleged denial of training; and (d) instances when Adam Bayer allegedly

18   created a hostile work environment by calling plaintiff's supervisors "stupid," "telling

19   plaintiff['s] colleague Leroy 'you think too much,'" telling Gardias that he could not use a radio

20   to call a colleague, and "giving plaintiff wrong information in work orders."  (Id. at 4).

21        In support of this motion, defendant has submitted a copy of the EEOC charge identified

22   in the FAC.  However, there is no mention whatsoever of the FAC's veritable potpourri of

23   allegations.  That charge alleges only that between December 19, 2006 and November 27, 2007

24   Gardias was wrongly denied use of an electric cart in retaliation for his prior employment

25   complaints.  (See Cain-Simon Declaration and attached exhibit).  Plaintiff checked only the box

26   for "retaliation," not the boxes for discrimination based on "national origin," "disability," or

27   "age" (and, as noted above, any claim for age discrimination would be barred here).  Nor did he

28   allege in the body of the charge any facts referencing or even suggesting discrimination on such

United States District Court

For the Northern District of California

3

1   grounds.  In sum, comparing the EEOC charge with the FAC, the court sees different kinds of

2   discrimination, occurring over different time periods and involving completely different specific

3   events.  Under these circumstances, the court concludes that plaintiff has not exhausted his

4   administrative remedies as to the allegations contained in his FAC.  Although the Ninth Circuit

5   recognizes an equitable exception to the exhaustion requirement when an EEOC representative

6   misleads a plaintiff about his claim, see Josephs, 443 F.3d at 1061, there is nothing before the

7   court to suggest anything of the kind here.

8          Accordingly, defendant's motion to dismiss is GRANTED, and the FAC will be

9   dismissed without prejudice.[3]  The clerk shall enter judgment of dismissal and close the file.

10         SO ORDERED.

11   Dated:    July 14, 2009

12                                        _____
13                                        HOWARD R. LLOYD
                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   _____
        [3]       The court does not reach defendant's alternative arguments for dismissal
   under Fed. R. Civ. P. 12(b)(6).

**5:08-cv-5498 Notice electronically mailed to:**

Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, Leticia.MartinezCarter@doj.ca.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**5:08-cv-5498 Notice mailed to:**

Piotr J. Gardias
72 Floyd St.
San Jose, CA 95110

**United States District Court**
For the Northern District of California

5